John E. Borba, Esq. [SBN: 169463]
Kristen Frizzell Kerns, Esq. [SBN: SBN 221384]
Borba Frizzell Kerns, P.C.
50 Old Courthouse Square, Ste. 605
Santa Rosa, CA 95404
(707) 578-7000
(707) 578-7003 Fax

Attorneys for Plaintiff
Avcon Constructors, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES GOVERNMENT FOR THE USE AND BENEFIT OF AVCON CONSTRUCTORS INC., ,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>K.O.O. CONSTRUCTION INC., TRAVELERS CASUALTY AND SURETY COMPANY, DOES 1-50<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>　1. **RECOVERY UNDER MILLER ACT PAYMENT BOND**<br>　2. **BREACH OF CONTRACT**<br>　3. **QUANTUM MERUIT**<br><br>**DEMAND FOR JURY TRIAL** |

Comes now Plaintiff UNITED STATES GOVERNMENT FOR THE USE AND BENEFIT OF AVCON CONSTRUCTORS, INC. alleges:

**PARTIES**

1. AVCON CONSTRUCTORS, INC. (hereinafter referred to as "ACI") is a corporation incorporated under the laws of the State of California, having its principal place of business in the State of California, and is member of the statutory class entitled to claim against the contractor's payment bonds. ACI is duly licensed as a contractor within the State of California, Contractor's license number 734489.

2. The President and CEO of ACI is Arthur Vollert, a resident of the County of Sonoma, State of California.

3. Defendant K.O.O CONSTRUCTION, INC. (hereinafter referred to as "K.O.O.") is a corporation incorporated under the laws of the State of California, having its principal place of business in the State of California. It is alleged that, K.O.O. was duly licensed as a contractor within the State of California, Contractor's license number 560169.

4. Defendant TRAVELERS CASUALTY AND SURETY COMPANY (hereinafter referred to as "TRAVELERS") is a corporation incorporated under the laws of the State of Connecticut, having its principal place of business in the State of Connecticut.

5. The true names and capacities of defendants sued herein as DOES 1-50, inclusive, are unknown to Plaintiff who therefore sues these Defendants by fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when the same are ascertained.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC Section 1332 (Diversity). The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Jurisdiction of this Court is also predicated on 40 USC §3133 (Miller Act).

8. The additional claims arise out of the same case or controversy as the claim brought under the Federal Miller Act, and this Court therefore has supplemental jurisdiction over this claim as per 28 USC Section 1367(a).

7. The claims arose in this judicial district.

9. This case should be assigned to the Sacramento Division of this District Court because the contract was executed within the geographic territory of the Sacramento Division of this Court (Sacramento and Sonoma Counties) and was to be performed in the City of Bridgeport, County of Mono, which is within the geographic territory of the Sacramento Division of this Court.

//

**FACTS**

10.     On or about September 5th, 2013, Plaintiff ACI and Defendant K.O.O. entered into an agreement ("the Agreement") in regard to a United States Federal projects in in Bridgeport California at Marine Corps Mountain Warfare Training Center to create a Multi Purpose Building, for which K.O.O. was selected as prime contractor. The Agreement retained ACI as a first-tier subcontractor to complete "all work set forth in "Section 2" in the construction of Contract #N63473-09-D-1655 to #0003, P541Multi Purpose Building, Marine Corps Mountain Warfare Training Center, Bridgeport CA.  K.O.O. was required to post a performance/payment bond with Defendant TRAVELERS for the full amount of the entire project in which was $13,796,390.00.  A true and correct copy of the Agreement is attached hereto as **Exhibit A** and is incorporated herein by reference, as though fully set forth herein.

The U.S. government client is the Naval Facilities Engineering Command, referred to as NAVFAC, Camp Pendleton office, which has administrative responsibility for the project.  The end user of the project is the United State Marin Corps. This was a design build project with a start date of April 20, 2013.The project start date was 4/20/13.

The Technical name of the project is:

> P541 Multi-Purpose Building and Solar Array
> Marine Corps Mountain Warfare Training Center
> Bridgeport, CA.

11.     Under the terms of the Agreement, K.O.O. would provide the necessary administrative experience, while ACI would perform the physical construction as a first tier sub-contractor. ACI began performance on the project in or about September 2013.  The Agreement stipulated that K.O.O. would pay ACI monthly progress payments with regular draws they received through NAVFAC, pursuant to K.O.O.'s prime contract.  ACI performed the construction duties contemplated under the Agreement and K.O.O. began to pay ACI the agreed-upon monies that K.O.O. received through K.O.O.'s contract with the NAVFAC, upon invoicing from ACI, but has failed to pay the full amounts outstanding.

12.     Beginning in March 2014, K.O.O. began to make delayed and sometimes only

partial payments to ACI on the projects, and by late 2014, K.O.O. stopped making payments on the project altogether. Arthur Vollert, President of ACI, depended on the payments from K.O.O. to pay his workers, pay for their workers compensation, pay his suppliers and provide other benefits to his workers. K.O.O. made repeated promises that past due amounts would be paid and ACI continued to perform on the jobsite based on the assurances made by K.O.O.

13. ACI made reasonable and ongoing efforts to obtain payment from K.O.O. Beginning in or about and continuing throughout the project, K.O.O. refused to answer Mr. Vollert's repeated messages pleading for the necessary payments, both present and past due, and avoided his calls and messages. As of March 1, 2016, payments due to ACI from K.O.O. total in excess of $990,863.00.

14. Pursuant to the agreement and the acts performed by both parties in reliance and furtherance thereto, ACI had a right to payments from regular draws K.O.O. received from NAVFAC.

15. During the course of work performed, ACI was directed to perform the first of 50-change orders during 19-months on the jobsite. The value of the change orders was $1,672,750, which was three times the original ACI base bid. The base bid scope of work was contemplated to be completed in four months.

16. On March 6th, 2015, ACI received a phone message and e-mail message from K.O.O Project Manager advising that, "the navy had requested that all civil work at Building 4044 and the RV Access areas be placed on hold, and that ACI should pull off the jobsite and standby until design resolution had been reached." The designated work areas were the only scope available at the time. ACI then was forced to secure their equipment and demobilize personnel as requested.

17. As of mid-March 2015, K.O.O. was past due on ACI payments by over six-months and the amount then wing was in excess of $820,000.00. Minus any credit allowances, the total amount owed and due is $990,863.00

18. Despite the fact that K.O.O. was not paying ACI, its sub-contractor, for work

preformed, ACI believes that K.O.O. had actually received payment from the The United States government which included progress payments for work completed by ACI. In order to have received any payments under the contract, pursuant to 31 U.S.C. §§ 3901-3905, K.O.O. had to have certified to that it paid or intended to pay ACI and all of its subcontractors when it submitted its request for payment under the prime contract.

## CAUSES OF ACTION

### I.
### Recovery Under Miller Act Payment Bond

19.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint.

20.     The Miller Act, Title 40 USC Section 3131 et. seq., requires that before a contract exceeds $100,000 for construction, alteration, or repair of any building or public work of the Federal Government is awarded to any person, the contractor must furnish a performance bond with a surety satisfactory to the officer awarding the contract, and in an amount the officer considers adequate, for the protection of the Government; and a payment bond with a surety satisfactory to the officer for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person. In addition, Section 3133(a) states that the department secretary or head of the contracting agency shall furnish a certified copy of the payment bond and the contract for which it was given to any person who submits an affidavit that the person has supplied labor or material for work described in the contract and payment for the work has not been made or that the person is being sued on the bond. Every person who has furnished labor or material in carrying out work provided for in a contract for which a payment bond has been furnished under Section 3131 and has not been paid in full within 90 days after the day he last performed or supplied the materials for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought. 40 USC 3133(b)(I).

21. ACI is a first-tier subcontractor who entered into a direct contract with K.O.O., the prime contractor, to supply labor, equipment and materials to K.O.O. for the USMC Mountain Warfare Project, Bridgeport, CA, improvement projects. As such, ACI is entitled to request a copy of the payment bond lodged with TRAVELERS CASUALTY AND SURETY COMPANY and the contract on which it was given. K.O.O. has repeatedly refused to pay ACI the payments due under the terms of the Agreement, or has made only nominal partial payments. Since September 2013, ACI has only received minimal payments on the project, far below what was contemplated under the Agreement. K.O.O. has received funds from NAVFAC but has failed to pay for the costs and services performed and invoiced to them by ACI.

22. K.O.O. has made no effort to compensate ACI for months of lapsed payments, and has even refused to return the calls of Mr. Vollert on this matter. These actions suggest that K.O.O. had no intention of following through on the Agreement, but instead used ACI's equipment, materials, and workers as a cost-cutting measure. K.O.O.'s acts of bad faith indicate that ACI should not expect further payments as per the terms of the Agreement, since K.O.O. only intended to honor the Agreement as long as it was to their benefit to do so. Because K.O.O. is either unwilling or incapable of compensating ACI as per the terms of the Agreement, ACI must seek the protection of its right to compensation through the payment bond. As a result, ACI is entitled to a judgment on the payment bond that K.O.O. entered into with TRAVELERS CASUALTY AND SURETY COMPANY under Section 3133(b)(1) of the Miller Act.

## II.
## Breach of Contract

23. Plaintiff re-alleges and incorporates by reference all the allegations contained in paragraphs 1 through 22 of this Complaint.

24. Plaintiff is informed and believes and alleges that within the past year and thereafter Defendant K.O.O. breached the Subcontract by failing to pay Plaintiff for labor and materials actually used in performance of the contract. Plaintiff has demanded payment, but Defendant K.O.O. has failed to pay the amounts due and owing. Plaintiff is informed and

believes and alleges that there is now due, owing and unpaid to Plaintiff $990,863.00 after deducting all just credits and offsets, plus interest thereon. Plaintiff has fully performed all obligations under the contract except those it was prevented or excused from performing.

25. Plaintiff is informed and believes and alleges that the breaches of the contract by Defendant K.O.O. have legally and proximately caused Plaintiff damages in an amount of $990,863.00 after deducting all just credits and offsets, plus interest thereon.

26. Plaintiff has attempted to informally resolve the dispute with defendant K.O.O. but has been unsuccessful.

27. Section 25 of the subcontract provides for the payment of attorneys' fees to the prevailing party in any dispute arising out of the contract. Pursuant to Section 25 of the subcontract, Plaintiff is entitled to attorneys' fees in prosecuting this action.

## II.
## Quantum Meruit

28. Plaintiff re-alleges and incorporates by reference all the allegations contained in paragraphs 1 through 27 of this Complaint.

29. The doctrine of quantum meruit protects parties who have conferred a benefit on another and, despite the absence of a valid contract, are entitled to compensation for the benefits they have rendered. To recover in quantum meruit, a party must demonstrate that "the services were rendered under some understanding or expectation of both parties that compensation therefore was to be made." *Strong* v. *Beydoun,* 166 Cal.App. 4th 1398 (2008). If services are not rendered gratuitously, the law will imply a promise to pay for such services.

30. ACI provided time and materials as per the terms of the Agreement, K.O.O., accepted such time and materials and, until late 2014, K.O.O. compensated ACI for the latter's time and materials in a manner consistent with provisions contained and contemplated under the terms of the Agreement. The conduct of the parties indicates that they intended to proceed in a manner consistent with the Agreement: That ACI was to be compensated for rendering its services.

31. ACI's actions were not a gratuitous benefit, as ACI and Mr. Vollert would not reasonably consent to devoting labor, equipment, and materials to such an expansive and expensive project that he would receive no compensation for, let alone one that would render him unable to provide insurance and other benefits for his workers. Furthermore, the full payments that K.O.O. did render to ACI until the time of default indicate that K.O.O. consented to, understood, and agreed that ACI expected to be compensated according to the terms of the Agreement. As a result, ACI deserves to be compensated for the value of the services it rendered to K.O.O.

32. WHEREFORE, Plaintiff prays for judgment against defendant K.O.O. Construction, Inc., as follows:

1. General damages in the amount of $990,863.00;
2. Prejudgment and post judgment interest at the California legal rate of 10% per annum on sums found to be owing and unpaid to ACI;
3. Penalties determined just and reasonable;
4. Costs of suit;
5. Attorney's fees and costs, and
6. For other such relief as the court deems proper.

DATED: 3/7/16                     By:   /s/ *Kristen Frizzell Kerns*
                                        Kristen Frizzell Kerns
                                        Attorneys for Plaintiff and Counter-
                                        Defendant for Avcon Constructors, Inc.