John E. Borba, Esq. [SBN: 169463]
Kristen Frizzell Kerns, Esq. [SBN: 221384]
BORBA FRIZELL KERNS, P.C.
50 Old Courthouse Square, Suite 605
Santa Rosa, CA 95404
(707) 578-7000
(707) 578-7003 Fax

Attorneys for Plaintiff and Counter-Defendant
AVCON CONSTRUCTORS, Inc.

Arthur G. Woodward, Esq. [SBN: 142914]
Reynolds, Maddux, Woodward, LLP
500 Auburn Folsom Rd., Suite 210
Auburn, CA 95603
(530) 885-8500
(530) 885-8113 Fax

Attorneys for Defendant and Counter-Claimant
K.O.O. Construction, Inc.

Michael J. Timpane [SBN: 115238]
Lyndon Y. Chee [SBN: 178842]
SMTD LAW LLP
1999 Harrison Street, Suite 660
Oakland, CA 94612
(510) 907-3245
(510) 285-6052 Fax

Attorneys for Defendant
Travelers Casualty and Surety Company of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES GOVERNMENT FOR THE USE AND BENEFIT OF AVCON CONSTRUCTORS, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> K.O.O. CONSTRUCTION, INC. TRAVELERS CASUALTY AND SURETY COMPLANY, DOES 1-50, <br><br> Defendant(s). <br><br> AND RELATED COUNTER CLAIM | Case No. 2:16-CV-00478-TLN-KJN <br><br> **JOINT FINAL PRE-TRIAL CONFERENCE STATEMENT** <br><br> Trial Date: October 17, 2018, 9:00 a.m. <br><br> Final Pre-Trial Conference: August 23, 2018, 2:00 p.m. <br><br> Judge: Hon. Troy L. Nunley |

# TABLE OF CONTENTS

**1.**   JURISDICTION – VENUE .................................................................5

**2.**   JURY TRIAL......................................................................................5

**3.**   UNDISPUTED FACTS ......................................................................6

**4.**   DISPUTED FACTUAL ISSUES: ......................................................7

**5.**   DISPUTED EVIDENTIARY ISSUES..............................................10

**6.**   SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS ........10

**7.**   RELIEF SOUGHT ............................................................................12

**8.**   POINTS OF LAW ............................................................................12

**9.**   ABANDONED ISSUES ...................................................................14

**10.**   WITNESSES ...................................................................................14

**11.**   EXHIBITS – SCHEDULES AND SUMMARIES ..................................14

**12.**   DISCOVERY DOCUMENTS ..........................................................14

**13.**   FUTHER DISCOVERY OR MOTIONS ..................................................15

**14.**   STIPULATIONS ..............................................................................15

**15.**   AMENDMENT – DISMISSALS ......................................................15

**16.**   SETTLEMENT NEGOTIATIONS ...................................................15

**17.**   AGREED STATEMENT ..................................................................16

**18.**   SEPARATE TRIAL OF ISSUES ..............................................................16

**19.**   IMPARTIAL EXPERTS – LIMITATION OF EXPERTS ......................16

**20.**   ATTORNEYS' FEES .......................................................................17

**21.**  CONCISE STATEMENT OF EVERY NON-DISCOVERY MOTION AND ITS RESOLUTION ....................................................... 17

22.  ESTIMATE OF TRIAL/TRIAL DATE .................................................... 17

**23.**  MISCELLANEOUS .................................................................................. 17

Plaintiff and Counter-defendant AVCON CONSTRUCTORS, Inc. ("Plaintiff"), Defendant and Counter-claimant K.O.O. CONSTRUCTION, INC., and defendant TRAVELERS CASUALTY AND SURETY COMPANY ("Defendants") submit the following Joint Pretrial Conference Statement in accordance with Federal Rule of Civil Procedure 16, and the Court's "Pretrial Scheduling Order" (Doc # 15).

In this statement each side asserts its respective position(s) on claims, defenses, remedies and issues addressed. Each such assertion is the position of that side, and the other side disputes that position whether or not the dispute is expressly stated herein.

The parties jointly request that the Court enter hereon such order or orders as may be indicated, including orders pursuant to Fed. R. Civ. P.16.

1. **JURISDICTION – VENUE**

Jurisdiction over this action exists under 28 U.S.C. § 1332 (Diversity), The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction of this Court is also predicated on 40 U.S.C. §3133. The additional claims arise out of the same case or controversy as the claim brought under the Federal Miller Act, and this Court therefore has supplemental jurisdiction over this claim as per 28 USC Section 1367(a).

The venue is proper in this District because the claims arose in this judicial district. The contract was executed within the geographic territory of the Sacramento Division of this Court (Sacramento and Sonoma Counties) and was to be performed in the City of Bridgeport, County of Mono, which is within the geographic territory of the Sacramento Division of this Court.

2. **JURY TRIAL**

The trial is to be a jury trial.

3. **<u>UNDISPUTED FACTS</u>**

**The parties agree that the following are core undisputed facts relevant to all claims:**

a. In early 2013, K.O.O. was awarded a $13,796,390.00 public works contract for a United States Federal project to create a Multi-Purpose Building in Bridgeport, California at the Marine Corps Mountain Warfare Training Center.

b. This was a design build project with a start date of April 20, 2013.

c. On or about September 5th, 2013, Plaintiff AVCON and Defendant K.O.O. entered into an agreement ("Subcontract") retaining AVCON as a first-tier subcontractor to complete "all work set forth in "Section 2" in the construction of Contract #N63473-09-D-1655 to #0003, P541 Multi Purpose Building, Marine Corps Mountain Warfare Training Center, Bridgeport CA. The initial Subcontract was in the amount of $568,400. Agreed change orders between Avcon and K.O.O. increased the subcontract price. (see disputed facts)

d. K.O.O. was required to post a performance/payment bond for the full amount of the entire project, $13,796,390.00, and Defendant TRAVELERS issued said bond under the terms of the Miller Act.

e. The U.S. government client is the Naval Facilities Engineering Command, referred to as NAVFAC, Camp Pendleton office, which has administrative responsibility for the project.

f. The end user of the project is the United State Marine Corps.

g. The Technical name of the project is:

    P541 Multi-Purpose Building and Solar Array
    Marine Corps Mountain Warfare Training Center
    Bridgeport, CA.

h. Under the terms of the Subcontract as set forth in Section 2, Avcon was to provide:

    "Civil and Site Concrete Works

        o  Building 4044 site work….

6

- o   West Parking Lot Improvements….
- o   East Parking Lot Improvements….
- o   Chiller Building and Awning Structure Footings….
- o   Fire Pump Room….
- o   Trash Enclosure package…."

i.   The Subcontract stipulated that K.O.O. would pay Avcon monthly progress payments, pursuant to K.O.O.'s prime contract and set forth in the sub-contract in Section 4 PAYMENT SCHEDULE, "Contractor agrees to pay Subcontractor in monthly progress payments of Ninety percent (90%) of labor and materials which have been placed in position, with funds received by Contractor from Owner for work performed by Subcontractor as reflected in Contractor's applications for payment"

j.   Avcon began performance on the project in or about September 2013.

k.   Avcon's scope of work was increased by additive change orders.

l.   K.O.O. has paid Avcon $1,074,587.92.

m.   Section 25 of the Subcontract provides, "In the event the parties become involved in litigation or arbitration with each other arising out of this agreement or other performance thereof in which the services of an attorney or other expert are reasonably required, the prevailing party shall be fully compensated for the cost of its participation in such proceedings, including the cost incurred for attorneys' and experts' fees."

**4.   DISPUTED FACTUAL ISSUES:**

**Plaintiff AVCON contends the following issues are disputed factual issues:**

a.   Whether Avcon performed the construction duties contemplated under the Agreement.

b.   Whether beginning in March 2014, K.O.O. began to make delayed and/or partial payments to Avcon on the projects.

c. Whether by late 2014, K.O.O. wrongfully stopped making payments on the project altogether.

d. Whether K.O.O. owes payment in the amount of $990,863.00 for invoices that have not been paid.

e. Whether Avcon performed additional work under valid change orders.

f. Whether K.O.O. had actually received payment from the United States government which included progress payments for work completed by Avcon.

g. Whether K.O.O. received any payments under the contract, that K.O.O. had certified that it paid or intended to pay Avcon and all of its subcontractors when it submitted its request for payment under the prime contract and did not make the payments.

h. Whether K.O.O. owes Avcon for the work it completed.

i. The effect of design issues on the project.

j. Whether Avcon was instructed to cease its work on the project due to design issues.

k. Whether K.O.O. mismanaged design, operations and accounting on the project.

**Defendant and Cross Claimant KOO contends the following are disputed factual issues:**

a. Whether Avcon complied with the 48 hour notice dated September 11, 2014.

b. Whether Avcon sufficiently responded to K.O.O.'s Deficiency Notices regarding Avcon's work and lack of progress.

c. Whether K.O.O. had grounds to terminate Avcon for default.

d. Whether Avcon is liable for the costs and expenses K.O.O. incurred to repair, correct, and/or complete Avcon's unworkmanlike, defective, deficient, missing, non-conforming, and/or incomplete work and materials under Section 15.1.2 of the Subcontract.

8

e. The amount K.O.O. incurred to repair and correct Avcon's unworkmanlike, defective, deficient, non-conforming work and materials.

f. The amount K.O.O. incurred to complete Avcon's scope of work in excess of the remaining balance of Avcon's Subcontract.

g. Whether Avcon is liable to K.O.O. for liquidated damages.

h. The amount of liquidated damages for which Avcon is liable.

i. K.O.O. disputes that Avcon has the contractual right to include a finance charge in its claim.

**Defendant TRAVELERS contends the following are disputed factual issues.**

a. Whether beyond the funds paid directly to Avcon by K.O.O., the following amounts were paid by K.O.O. or Travelers to Avcon subcontractors or suppliers, and are a credit against any funds otherwise due: Payments to Bing Supply for Asphalt $34,224.94, Associated Concrete Pumping $9,275, Morgan Construction $1,687 and another $5,175, Ahern Rentals (joint check to K.O.O. and Ahern) $23,690.52, Ahern Rentals (claim paid by Travelers, Ahern sought monies not paid to it by Avcon) $91,094.55, Bing Supply again (joint check to Bing and Avcon) $52,756.25.  These payments total $217,903.26.

b. What was the full scope of the Avcon subcontract work, with all change order work included?

c. What was earned by Avcon in relation to the subcontract prior to its cessation of performance.

d. What was paid to Avcon, or to Avcon sub-subcontractors or suppliers who Avcon had not paid.

e. Did Avcon perform its last work on the project within one year of the filing of the Complaint in this action?

f. Whether Avcon breached the subcontract by performing late, delayed and defective work,

9

causing the issuance of numerous deficiency notices by the Navy, and causing delays to the project, all per the terms of the subcontract, project schedule and according to proof.

g. Whether Avcon ceased performance of its subcontract work, necessitating its completion and repair by K.O.O.

h. Whether the back charges by K.O.O. against Avcon for completing Avcon's subcontract work and repairing Avcon's defective work are for work within Avcon's scope, and are the costs thereof supported.

i. Whether Avcon delayed the project by 120 days, with each day of delay constituting a $1,750/day back charge against Avcon.

**5. DISPUTED EVIDENTIARY ISSUES**

The parties do not anticipate any Disputed Evidentiary Issues.

**6. SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS**

(A) The parties' respective versions of the terms of the contract.

The Subcontract pertains to a large government project and has many technical provisions and specifications. Parts of the prime contract between K.O.O. and the Government are incorporated into the Subcontract. The parties' duties are also defined in part by the plans. The specifications and plans will be discussed at length at trial.

(B) Whether the contract and any modifications or collateral agreements were written or oral or both, specifying any document, letter, or other writing relied upon by date and parties, and indicating any oral agreement relied upon by date, place, and parties.

The written Subcontract was modified with written change orders. The change orders will be discussed at trial. Some change orders were disputed. The parties' respective positions will be presented at trial.

(C) Any misrepresentation of fact, mistake, or other matter affecting validity.

Avcon contends that K.O.O. misrepresented to the U.S. Government that it intended to pay or had paid Avcon for work that Avcon performed.

K.O.O. contends that Avon misrepresented that it complied with the Subcontract specifications regarding slope and type of materials.

(D) Any breach of contract.

Avcon contends that K.O.O. breached its Subcontract by failing to pay Avcon monies it was owed under the contract and subsequent change orders.

K.O.O. contends Avcon breached its Subcontract by failing to timely compete its work and by performing and providing unworkmanlike, defective, deficient, missing, non-conforming, and/or incomplete work and materials

(E)  Any waiver or estoppel.

Avcon contends that K.O.O. waived any breach of contract or right to act by failing to provide adequate notice of the alleged deficiency and the opportunity to correct.

K.O.O. contends Avcon waived its right to object to K.O.O. completing its work by failing to respond to K.O.O.'s deficiency notices.

(F)  The relief sought (rescission, restitution, damages for breach, specific performance, etc.).

AVCON seeks general damages for breach, Prejudgment and post judgment interest at the California Legal rate of 10% per annum on sums found to be owing and unpaid to AVCON; penalties determined just and reasonable; costs of suit; Attorney's fees and for other such relief as the court deems proper.

K.O.O. seeks damages for the costs and expenses to repair, correct, and/or complete Avcon's unworkmanlike, defective, deficient, missing, non-conforming, and/or incomplete work and materials.

Travelers' ~~is~~ liability is limited as payment bond surety. In addition~~al~~ to defenses and setoffs available to the bond principal, K.O.O., the bond is exonerated if AVCON failed to bring

suit within one year of ceasing work on the project.

(G) The measure of restitution or damages and an itemized statement of the elements thereof.

Itemized statements of damages for Avcon and K.O.O. are attached here to as Exhibits A and B.

**7.    RELIEF SOUGHT**

Plaintiff and Cross-Defendant seeks general damages in the amount of $990,863.00, Prejudgment and post judgment interest at the California Legal rate of 10% per annum on sums found to be owing and unpaid to AVCON; penalties determined just and reasonable; costs of suit; Attorney's fees and for other such relief as the court deems proper.

K.O.O. seeks damages for the costs and expenses to repair, correct, and/or complete Avcon's unworkmanlike, defective, deficient, missing, non-conforming, and/or incomplete work and materials, plus prejudgment interest, costs and attorney's fees.

Travelers'- liability is limited as payment bond surety. In addition to defenses and setoffs available to the bond principal, K.O.O., the bond is exonerated if AVCON failed to bring suit within one year of ceasing work on the project.

**8.    POINTS OF LAW**

   **1.    Whether K.O.O. Breached the Sub-Contract with AVCON**

   **2.    Whether AVCON is entitled to compensation under the doctrine of Quantum Meruit.**

The doctrine of quantum meruit protects parties who have conferred a benefit on another and, despite the absence of a valid contract, are entitled to compensation for the benefits they have rendered. To recover in quantum meruit, a party must demonstrate that "the services were rendered under some understanding or expectation of both parties that compensation therefore was to be

made." *Strong* v. *Beydoun,* 166 Cal.App. 4th 1398 (2008). If services are not rendered gratuitously, the law will imply a promise to pay for such services. Travelers contends that Quantum meruit is not applicable where there is a valid contract.

Pursuant to 31 U.S.C. §§ 3901-3905, a prime contractor must certify that it has paid or intends to pay all of its subcontractors when it submits a request for payment under the prime contract.

**3.     Whether AVCON breached the Subcontract with K.O.O.**

**4.     Whether any breach of contract is excused.**

**5.     Whether AVCON is entitled to recovery under the Miller Act Payment Bond**.

The Miller Act, Title 40 USC Section 3131 et. seq., requires that before a contract exceeds $100,000 for construction, alteration, or repair of any building or public work of the Federal Government is awarded to any person, the contractor must furnish a performance bond with a surety satisfactory to the officer awarding the contract, and in an amount the officer considers adequate, for the protection of the Government; and a payment bond with a surety satisfactory to the officer for the protection of all persons supplying labor and material in carrying out the work provided for in the contract for the use of each person.

Every person who has furnished labor or material in carrying out work provided for in a contract for which a payment bond has been furnished under Section 3131 and has not been paid in full within 90 days after the day he last performed or supplied the materials for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought. 40 USC 3133(b)(I).

Under the Miller Act, it is incumbent on Avcon to prove that its last labor or material furnished to the project was within one year of March 5, 2016, as the complaint was filed on March 7, a Monday. E.g. *U.S. ex rel Pre-Fab v. A.B.C. Roofing, 193 F. Supp. 465 (S.D. Cal. 1961).*

If the action is timely, Travelers as a payment bond surety is not liable to Avcon unless

13

K.O.O., its principal on the bond and the party in contract with Avcon, is liable on the underlying subcontract.  Restatement (Third) Suretyship and Guaranty Sec. 34(1) (1996).  Travelers is entitled to assert all of K.O.O. offsets, backcharges and claims against Avcon to the same extent K.O.O. is. *U.S. ex rel Westinghouse v. James Stewart, 336 F. 2d. 777,780; U.S. ex rel EPC Corp. v Travelers, 423 F. Supp. 2d 1016 (D. Ariz. 2006)*

    **6.**    **Whether the relief requested by the parties is necessary and proper in the circumstances as presented at trial.**

**9.**    **ABANDONED ISSUES**

None.

**10.**    **WITNESSES**

See Plaintiff / Counter Defendant AVCON's Witness list attached hereto as Attachment C.

See Defendant / Counter Claimant KOO's Witness list attached hereto as Attachment D.

See Defendant TRAVELERS' Witness list attached hereto as Attachment E.

**11.**    **EXHIBITS – SCHEDULES AND SUMMARIES**

See Plaintiff / Counter Defendant AVCON's Exhibit list attached hereto as Attachment F.

See Defendant / Counter Claimant KOO's and Defendant Travelers' Jointly Prepared Exhibit list attached hereto as Attachment G.

**12.**    **DISCOVERY DOCUMENTS**

Plaintiff / Counter Defendant AVCON intends to offer the following responses to discovery at trial for purposes of rebuttal and/or cross-examination:

    a.    K.O.O.'s Responses to Requests for Admissions propounded by AVCON.

    b.    K.O.O.'s Responses to Special Interrogatories propounded by AVCON.

    b.    Traveler's Responses to Requests for Admissions propounded by AVCON.

    c.    Traveler's Responses to Special Interrogatories propounded by AVCON.

Defendant / Counter Claimant K.O.O intends to offer the following responses to discovery at trial for purposes of rebuttal and/or cross-examination:

    a.    AVCON's Responses to Requests for Admissions propounded by Travelers.

    b.    AVCON's Responses Special Interrogatories propounded by Travelers.

    c.    AVCON's Responses to Special Interrogatories propounded by K.O.O.

Defendant TRAVELERS intends to offer the following responses to discovery at trial for purposes of rebuttal and/or cross-examination:

    a.    AVCON's Responses to Requests for Admissions propounded by Travelers.

    b.    AVCON's Responses to Requests for Special Interrogatories propounded by Travelers.

    c.    AVCON's Responses to Special Interrogatories propounded by K.O.O.

**13.  FUTHER DISCOVERY OR MOTIONS**

None, except for further limine motions.

**14.  STIPULATIONS**

None.

**15.  AMENDMENT – DISMISSALS**

None.

**16.  SETTLEMENT NEGOTIATIONS**

Settlement negotiations have taken place between the parties to no avail. The parties engaged in a lengthy mediation session with mediator Donald R. Person of JAMS.

The parties have stipulated to a further settlement conference before Magistrate Judge Delany on September 24, 2018.

**17.    AGREED STATEMENT**

The parties have agreed on the following Statement of Facts:

AVCON CONSTRUCTORS, Inc. is a contracting company based in Sonoma, California. K.O.O. Construction Inc. is a contracting company located in Sacramento, California. K.O.O. was a general contractor on a construction project for the U.S. Government on the Multi-Purpose Building Project at the Marine Corps Mountain Warfare Training Center in Bridgeport, California. K.O.O. subcontracted AVCON to perform civil and cite concrete work at the project.  During the course of the project, numerous change orders were signed and additional work was incorporated into the subcontract. AVCON filed this lawsuit because it believes that it has not been fully paid for its work and that K.O.O. has otherwise breached the subcontract.  K.O.O. filed a counter claim because it believes that AVCON did not fulfil its obligations under the subcontract.

Whenever The U.S. Government enters into a construction contract with a contracting company for work in excess of $100,000, the contracting company is required by law to obtain a bond to cover its obligations on the project. Such a bond was required on this project and K.O.O. obtained a bond from Travelers Casualty and Surety Company.  Travelers is a Defendant because the bond will be used to pay for AVCON's damages if AVCON is successful against K.O.O.

**18.    SEPARATE TRIAL OF ISSUES**

The parties do not believe a separate trial on any issue is necessary.

**19.    IMPARTIAL EXPERTS – LIMITATION OF EXPERTS**

The parties agree that the appointment of impartial experts is not advisable, and no limitation of experts is sought by the parties.

Plaintiff has designated retained experts Jerry Miles, P.E., Civil Engineer, and David L. Suggs, General Contractor, and non-retained experts Arthur Vollert, Jason Crumbley, and Stan Anderton.

Defendant K.O.O. has designated non-retained experts Keith O. Odister and Matt Alix.

Defendant Travelers has designated retained experts Rod Tompkins and Michael Huhn, and non-retained experts Keith O. Odister and Matt Alix.

**20. ATTORNEYS' FEES**

The Subcontract allows for the recovery of attorneys' fees. The award of attorneys' fees shall be handled by motion in accordance with Local Rule 293.

**21. CONCISE STATEMENT OF EVERY NON-DISCOVERY MOTION AND ITS RESOLUTION**

There have been no motions in this case.

**22. ESTIMATE OF TRIAL/TRIAL DATE**

Parties estimate the trial will be 15-16 days

**23. MISCELLANEOUS**

None.

Respectfully Submitted,

Dated:                                                 Counsel for Plaintiff / Cross – Defendant
AVCON CONSTRUCTORS, INC.


By:  /s/ Kristen Frizzell Kerns
      John E. Borba
      Kristen Frizzell Kerns


Dated:                                                 Counsel for Defendant / Cross – Claimant
K.O.O. CONSTRUCTIONS, INC.


By:  /s/Arthur G. Woodward
      Arthur G. Woodward


Dated:                                                 Counsel for Defendant TRAVELERS
CASUALTY AND SURETY COMPANY


By:  /s/ Michael Timpane
      Michel Timpane