UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES GOVERNMENT FOR THE USE AND BENEFIT OF AVCON CONSTRUCTORS, INC., <br><br> Plaintiff, <br><br> v. <br><br> K.O.O. CONSTRUCTION, INC. TRAVELERS CASUALTY AND SURETY COMPANY, <br> Defendants. | No. 2:16-cv-00478-TLN-KJN <br><br> **FINAL PRETRIAL ORDER** <br><br> TRIAL DATE: October 15, 2018 <br> TIME: 9:00 a.m. |

This Court held a Final Pretrial Conference on August 23, 2018. Plaintiff Avcon Constructors, Inc., ("Plaintiff") was represented by counsel John Borba and Kristen Kerns. Defendants K.O.O. Construction, Inc. and Travelers Casualty and Surety Company (collectively "Defendants") were represented by counsel Arthur Woodward and Michael Timpane, respectively. After the hearing, the Court makes the following findings and orders:

**I.   JURISDICTION / VENUE**

The Court has jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction also exists under 40 U.S.C. § 3133. The additional claims arise out of the same case or controversy as the claim brought under the Federal Miller Act, and this Court therefore has supplemental jurisdiction over

1

this claim pursuant to 28 U.S.C. § 1367(a).

Venue is proper in the Eastern District of California, pursuant to 28 U.S.C. § 1391(b)(2), as the claims arose in the geographic territory of the Sacramento Division of this Court.

## II. SETTLEMENT CONFERENCE

Plaintiff and Defendants reserved a settlement conference before Magistrate Judge Carolyn K. Delaney on September 24, 2018 at 9 A.M. The parties are to inform the Court of the outcome of the settlement conference within forty-eight (48) hours of its completion.

## III. JURY TRIAL

The parties have demanded a jury trial. Accordingly, this matter shall be tried before a jury. The Court shall empanel eight (8) jurors.

## IV. UNDISPUTED FACTS

The parties do not dispute the following facts.

a. In early 2013, K.O.O. was awarded a $13,796,390.00 public works contract for a United States Federal project to create a Multi-Purpose Building in Bridgeport, California at the Marine Corps Mountain Warfare Training Center.

b. This was a design build project with a start date of April 20, 2013.

c. On or about September 5th, 2013, Plaintiff and Defendant K.O.O. entered into an agreement ("Subcontract") retaining Plaintiff as a first-tier subcontractor to complete "all work set forth in "Section 2" in the construction of Contract #N63473-09-D-1655 to #0003, P541 Multi-Purpose Building, Marine Corps Mountain Warfare Training Center, Bridgeport, California. The initial Subcontract was in the amount of $568,400. Agreed change orders between Plaintiff and Defendant K.O.O. increased the subcontract price.

d. Defendant K.O.O. was required to post a performance/payment bond for the full amount of the entire project, $13,796,390.00, and Defendant Travelers issued said bond under the terms of the Miller Act.

e. The U.S. government client is the Naval Facilities Engineering Command, referred to as NAVFAC, Camp Pendleton office, which has administrative responsibility for the project.

f. The end user of the project is the United State Marine Corps.

g. The technical name of the project is:
>P541 Multi-Purpose Building and Solar Array
>Marine Corps Mountain Warfare Training Center
>Bridgeport, CA.

h. Under the terms of the Subcontract as set forth in Section 2, Plaintiff was to provide:

>"Civil and Site Concrete Works
>
>> i. Building 4044 site work….
>>
>> ii. West Parking Lot Improvements….
>>
>> iii. East Parking Lot Improvements….
>>
>> iv. Chiller Building and Awning Structure Footings….
>>
>> v. Fire Pump Room….
>>
>> vi. Trash Enclosure package…."

i. The Subcontract stipulated that Defendant K.O.O. would pay Plaintiff monthly progress payments, pursuant to Defendant K.O.O.'s prime contract and set forth in the sub-contract in Section 4 PAYMENT SCHEDULE, "Contractor agrees to pay Subcontractor in monthly progress payments of Ninety percent (90%) of labor and materials which have been placed in position, with funds received by Contractor from Owner for work performed by Subcontractor as reflected in Contractor's applications for payment"

j. Plaintiff began performance on the project in or about September 2013.

k. Plaintiff's scope of work was increased by additive change orders.

l. Defendant K.O.O. has paid Plaintiff $1,074,587.92.

m. Section 25 of the Subcontract provides, "In the event the parties become involved in litigation or arbitration with each other arising out of this agreement or other performance thereof in which the services of an attorney or other expert are reasonably required, the prevailing party shall be fully compensated for the cost of its participation in such proceedings, including the cost incurred for attorneys' and experts' fees."

## V. DISPUTED FACTUAL ISSUES

a. The parties dispute whether Plaintiff performed the construction duties contemplated under the Agreement.

b. The parties dispute whether beginning in March 2014, Defendant K.O.O. began to make delayed and/or partial payments to Plaintiff on the projects.

c. The parties dispute whether by late 2014, Defendant K.O.O. wrongfully stopped making payments on the project altogether.

d. The parties dispute whether Defendant K.O.O. owes payment in the amount of $990,863.00 for invoices that have not been paid.

e. The parties dispute whether Plaintiff performed additional work under valid change orders.

f. The parties dispute whether Defendant K.O.O. had actually received payment from the United States government which included progress payments for work completed by Plaintiff.

g. The parties dispute whether Defendant K.O.O. received any payments under the contract, that Defendant K.O.O. had certified that it paid or intended to pay Plaintiff and all of its subcontractors when it submitted its request for payment under the prime contract and did not make the payments.

h. The parties dispute whether Defendant K.O.O. owes Plaintiff for the work it completed.

i. The parties dispute the effect of design issues on the project.

j. The parties dispute whether Plaintiff was instructed to cease its work on the project due to design issues.

k. The parties dispute whether Defendant K.O.O. mismanaged design, operations, and accounting on the project.

l. The parties dispute whether Plaintiff complied with the 48-hour notice dated September 11, 2014.

m. The parties dispute whether Plaintiff sufficiently responded to Defendant K.O.O.'s Deficiency Notices regarding Plaintiff's work and lack of progress.

n. The parties dispute whether Defendant K.O.O. had grounds to terminate Plaintiff for default.

o. The parties dispute whether Plaintiff is liable for the costs and expenses Defendant K.O.O. incurred to repair, correct, and/or complete Plaintiff's unworkmanlike, defective, deficient,

missing, non-conforming, and/or incomplete work and materials under Section 15.1.2 of the Subcontract.

 p. The parties dispute the amount Defendant K.O.O. incurred to repair and correct Plaitniff's unworkmanlike, defective, deficient, non-conforming work, and materials.

 q. The parties dispute the amount Defendant K.O.O. incurred to complete Plaintiff's scope of work in excess of the remaining balance of Plaintiff's Subcontract.

 r. The parties dispute whether Plaintiff is liable to Defendant K.O.O. for liquidated damages.

 s. The parties dispute the amount of liquidated damages for which Plaintiff is liable.

 t. Defendant K.O.O. disputes that Plaintiff has the contractual right to include a finance charge in its claim.

 u. The parties dispute whether beyond the funds paid directly to Plaintiff by Defendant K.O.O., the following amounts were paid by Defendants to Plaintiff subcontractors or suppliers, and are a credit against any funds otherwise due: Payments to Bing Supply for Asphalt $34,224.94; Associated Concrete Pumping $9,275; Morgan Construction $1,687 and another $5,175; Ahern Rentals (joint check to Defendant K.O.O. and Ahern) $23,690.52; Ahern Rentals (claim paid by Defendant Travelers, Ahern sought monies not paid to it by Plaintiff) $91,094.55; and Bing Supply again (joint check to Bing and Plaintiff) $52,756.25. These payments total $217,903.26.

 v. The parties dispute what the full scope of the Plaintiff's subcontract work was, with all change order work included.

 w. The parties dispute what was earned by Plaintiff in relation to the subcontract prior to its cessation of performance.

 x. The parties dispute what was paid to Plaintiff, or to Plaintiff's sub-subcontractors or suppliers who Plaintiff had not paid.

 y. The parties dispute whether Plaintiff performed its last work on the project within one year of the filing of the Complaint in this action.

 z. The parties dispute whether Plaintiff breached the subcontract by performing late, delayed, and defective work, causing the issuance of numerous deficiency notices by the Navy,

and causing delays to the project, all per the terms of the subcontract, project schedule and according to proof.

    aa. The parties dispute whether Plaintiff ceased performance of its subcontract work, necessitating its completion and repair by Defendant K.O.O.

    bb. The parties dispute whether the back charges by Defendant K.O.O. against Plaintiff for completing Plaintiff's subcontract work and repairing Plaintiff's defective work are for work within Plaintiff's scope, and the costs are thereof supported.

    cc. The parties dispute whether Plaintiff delayed the project by 120 days, with each day of delay constituting a $1,750/day back charge against Plaintiff.

## VI. **DISPUTED EVIDENTIARY ISSUES**

The parties do not anticipate any disputed evidentiary issues.

## VII. **WITNESSES**

The parties list numerous prospective witnesses memorialized in the parties' Exhibit C and Exhibit D to the Joint Pretrial Conference Statement. The prospective witnesses listed in Exhibit C and Exhibit D are incorporated herein.

    A.    No other witnesses will be permitted to testify unless: (1) the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated at the Final Pretrial Conference, or (2) the witness was discovered after the Final Pretrial Conference and the proffering party makes the showing required in section B below.

    B.    Upon the post-pretrial discovery of witnesses, the attorney shall promptly inform the Court and opposing parties of the existence of the unlisted witnesses so that the Court may consider at trial whether the witnesses shall be permitted to testify. The evidence will not be permitted unless: (1) the witnesses could not reasonably have been discovered prior to pretrial; (2) the Court and opposing counsel were promptly notified upon discovery of the witnesses; (3) if time permitted, counsel proffered the witnesses for deposition; and (4) if time did not permit, a reasonable summary of the witnesses' testimony was provided by opposing counsel.

///

## VIII. EXHIBITS-SCHEDULES AND SUMMARIES

The parties expect numerous exhibits at trial which have been memorialized in the parties' Exhibit F and Exhibit G to the Joint Pretrial Conference Statement and are thus incorporated herein.

**Plaintiff's exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically.** The parties shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for Plaintiff and blue for Defendant. After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion during the trial. All multi-page exhibits shall be fastened together and each page within the exhibit shall be numbered. All photographs shall be marked individually. The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other. In the event that Plaintiff and Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is first identified. The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

A. The Court will not permit introduction of other exhibits unless: (1) the party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Scheduling Conference, or (2) the exhibit was discovered after the Pretrial Scheduling Conference and the proffering party makes the showing required in paragraph "B" below.

B. Upon the post-pretrial discovery of exhibits, the attorneys shall promptly inform the Court and opposing counsel of the existence of such exhibits so that the Court may consider at trial their admissibility. The exhibits will not be received unless the proffering party demonstrates: (1) the exhibits could not reasonably have been discovered prior to pretrial; (2) the Court and counsel were promptly informed of their existence; (3) counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel. If the exhibit(s) may not be copied, the proffering counsel must show that he or she has made the exhibit(s) reasonably available for inspection by opposing counsel.

C. As to each exhibit, each party is ordered to exchange a copy identical to the Court's copy, or other reproduction of the exhibit(s) in a three-ring binder(s) **no later than one week before trial.**

D. The attorney or representative for each party is directed to present one copy of the exhibit(s) and exhibit list to the Court Clerk's Office, **no later than 3:00 p.m., one week before trial**, or at such earlier time as may be ordered by the Court. The Court shall be presented with a copy of the exhibit(s) in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter. Each binder shall be no larger than three inches in width and have an identification label on the front and side panel.

E. It is the duty of counsel to ensure that witnesses have access to a copy of exhibit(s) if needed.

**IX. DISCOVERY DOCUMENTS**

A. Lodging Deposition Transcripts and Video Files

It is the duty of counsel to ensure that any deposition transcripts which are to be used at trial have been lodged with the Clerk of the Court **one week prior to trial.** Counsel are cautioned that a failure to discharge this duty may result in the Court precluding use of the deposition or imposition of such other sanctions as the Court deems appropriate.

B. Use of Depositions

The parties are ordered to file with the Court and exchange between themselves **no later than one week before trial** a statement designating portions of depositions intended to be offered or read into evidence (except for portions to be used only for impeachment or rebuttal).

C. Interrogatories and Admissions

The parties in Exhibit E to their pretrial statement have already identified the portions of Answers to Interrogatories and Admissions which the respective parties intend to offer or read into evidence at the trial (except portions to be used only for impeachment or rebuttal).

**X. FURTHER DISCOVERY OR MOTIONS**

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Final Pretrial Conference.

That Order is confirmed. The parties are free to engage in informal agreements regarding discovery and law and motion matters. However, any such agreements will not be enforceable in this Court.

**XI.     MOTIONS IN LIMINE**

The parties' motions in limine are due no later than 5 p.m. on October 1, 2018. Responses are due no later than 5 p.m. on October 9, 2018. No replies may be filed, but the parties will be afforded an opportunity to be heard prior to the Court ruling on the motions.

**XI.     AGREED STATEMENTS - JOINT STATEMENT OF CASE**

It is mandatory the parties shall file a short, jointly-prepared statement concerning the nature of this case that will be read to the jury at the commencement of trial. The parties propose the following:

AVCON CONSTRUCTORS, Inc. is a contracting company based in Sonoma, California. K.O.O. Construction Inc. is a contracting company located in Sacramento, California. K.O.O. was a general contractor on a construction project for the U.S. Government on the Multi-Purpose Building Project at the Marine Corps Mountain Warfare Training Center in Bridgeport, California. K.O.O. subcontracted AVCON to perform civil and cite concrete work at the project. during the course of the project, numerous change orders were signed and additional work was incorporated into the subcontract. AVCON filed this lawsuit because it believes that it has not been fully paid for its work and that K.O.O. has otherwise breached the subcontract. K.O.O. filed a counter claim because it believes that AVCON did not fulfil its obligations under the subcontract.

Whenever the U.S. Government enters into a construction contract with a contracting company for work in excess of $100,000, the contracting company is required by law to obtain a bond to cover its obligations on the project. Such a bond was required on this project and K.O.O. obtained a bond from Travelers Casualty and Surety Company. Travelers is a Defendant because the bond will be used to pay for AVCON's damages if AVCON is successful against K.O.O.

///

**XII. PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM**

  A. <u>Jury instructions</u>

  Counsel are directed to meet and confer and to attempt to agree upon a joint set of jury instructions. Counsel shall use the Ninth Circuit Model Jury Instructions and any revisions. Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is unavailable. All instructions shall be, to the extent possible, concise, understandable, and free from argument. *See* Local Rule 163(c). **Parties shall also note that any modifications of instructions from statutory authority, case law or from any form of pattern instructions must specifically state the modification by underlining additions and bracketing deletions.** Pursuant to Local Rule 163, jury instructions shall be filed with the Court **on or before the first day of trial**.

  B. <u>Verdict Form</u>

  The parties must file a joint verdict form(s) concurrently with proposed jury instructions **on or before the first day of trial**. If necessary, a special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired. *See* Local Rule 163(e).

  C. <u>Voir Dire</u>

  The parties shall submit proposed voir dire questions to the Court. The Court reserves the right to conduct all examination of prospective jurors. Pursuant to Local Rule 162.1, the voir dire questions shall be filed with the Court **one week before trial**.

**XIII. AUDIO/VISUAL EQUIPMENT**

  The parties are required to notify the Courtroom Deputy Clerk, Michele Krueger, **twenty-one (21) days before trial**, if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence. There will be one date and time for such orientation.

///

## XIV. DATE AND LENGTH OF TRIAL

Trial is scheduled for **Monday, October 15, 2018**. The estimated length of trial is approximately fifteen to sixteen (15-16) days. Counsel are to email Michele Krueger, Courtroom Deputy Clerk, at mkrueger@caed.uscourts.gov or call 916-930-4163 by **September 24, 2018,** to ascertain the status of the trial date.

## XV. OBJECTIONS TO PRETRIAL ORDER

Each party is granted **fourteen (14) days** from the entry of this Final Pretrial Order to object to any part of the order or to request augmentation to it. A Final Pretrial Order will be modified only upon a showing of manifest injustice. If no objection or modifications are made, this Order will become final without further order of the Court and shall control the subsequent course of the action, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: 9/5/2018

Troy L. Nunley
United States District Judge